

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON, | Case No.: 3:21-cv-05485-BHS |
| Plaintiff | ORIGINAL COMPLAINT FOR A CIVIL CASE AND INJUNCTIVE RELIEF |
| v. | |
| THE RIAN GROUP, INC & | Jury Trial: ☒ Yes  ☐ No |
| JOHN DOE 1-10 | |
| Defendants. | |

## I.   THE PARTIES TO THIS COMPLAINT

A.   Plaintiff

| | |
|---|---|
| Name | Nathen Barton |
| Street Address | 4618 NW 11th Cir |
| City and County | Camas, Clark County |
| State and Zip Code | Washington 98607 |
| Telephone Number | (718) 710-5784 |

B.   Defendant(s)

Defendant No. 1

| | |
|---|---|
| Name | THE RIAN GROUP, INC |

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 1 / 10       NATHEN BARTON
                                                                4618 NW 11TH CIR
                                                                CAMAS WA 98607

|   |   |
|---|---|
| Job or Title *(if known)* |   |
| Street Address | 4900 SW Griffith Dr #135 |
| City and County | Beaverton, Washington County |
| State and Zip Code | OR, 97005 |
| Telephone Number | (503) 328-9335 |

Defendant No. 2

|   |   |
|---|---|
| Name | John Doe 1-10 |
| Job or Title *(if known)* |   |
| Street Address |   |
| City and County |   |
| State and Zip Code |   |
| Telephone Number |   |

## II.   BASIS FOR JURISDICTION

Plaintiff Nathen Barton is a natural person and full-time resident of Clark County, Washington. All the acts alleged in this complaint occurred in Clark County, Washington State, during the year 2021.

Jurisdiction in this court is correct because of where Plaintiff resides, his residence is a nexus where Plaintiff suffered personal injury and invasion of privacy at the hands of the Defendants, and The Rian Group, Inc. ("TRG") has a registered agent in Clark County, Washington.

Plaintiff is suing in part under federal statute the Telephone Consumer Protection Act of 1991, known as the TCPA, giving rise to a lawsuit that may be brought in Federal Court pursuant to *Mims v. Arrow Fin. Services, LLC*.

### III.   STATEMENT OF CLAIM

Plaintiff pays for a cell phone with phone number (972) XXX XXXX and uses it as a normal residential telephone subscriber would. It is a Protected Computer as it is used in a manner that affects interstate or foreign commerce or communication.

This (972) XXX XXXX number was registered on the FTC do-not-call registry more than 31 days before January 13, 2021, and the five calls alleged in this complaint were all made to this 972-area code number.

Plaintiff has no established business relationship with The Rian Group, Inc., nor has ever done business with TRG. TRG is a real estate company founded by Aaron Rian with an office located at 4400 NE 77th Ave, Suite 275, Vancouver WA 98662.

On information and belief, TRG is in the business of combing real estate listings for properties being sold *by owner*, scraping the property owners' contact information, and then soliciting the owners to sell real estate agent services.

Plaintiff knows this firsthand; it has happened to him.

### Unsolicited telephone call #1

On or about 6:28AM, January 13, 2021, Plaintiff was awakened by phone call from an automated dialing and announcing device using an artificial or recorded voice, seemingly from (360) 554 0220. The call is automated, with a woman's voice, pitching real estate services from The Brokerage House ("TBH") which is a *doing-business-as* for The Rian Group, Inc.

The facts for unsolicited telephone call #1 are for information only, these claims are currently in Washington State District Court for Clark County litigation, with cause number 21C2144-2.

### Unsolicited telephone calls #2 & #3

On February 3, 2021, Plaintiff received two solicitation calls for "The Brokerage House" which is a *doing-business-as* for TRG, both for the purpose of pitching real estate services. The first call was placed by an automatic dialing device and a live person "Stacey" got on the line after the call was established.

She said she was calling on behalf of "Kevin" who was "doing some work in the area", saw the property and was "looking for more information". TRG did not establish who was calling, and the purpose of the initial call in the first 30 seconds of the call.

Stacey was able to pitch TRG real estate services. The following are a few quotes taken from the call, with the numbers at the start of each quote giving the time stamp of what time each statement was made (minute:second).

> 1:51 "So um in the instance that um your home was able to um sell you know in 7-11 days on the market would um you know maybe 7-10 percent higher price point then your actual listing price would you be interested in maybe having some representation?"
>
> 2:21 "So can I ask you um what would prevent you from working with an agent?"
> 3:30 "We definitely want to list your property because no one can sell property like we do"

The first call was received at 2:19PM and lasted almost six minutes. A complete and unedited copy of this call is at https://youtu.be/-wNGiuZztDA. Plaintiff finally hung up on Stacey, and TRG called right back. The second call was received at 2:25PM and lasted four minutes. A man named "Chris" got on the line for TRG. He did not establish who was calling, and the purpose of the call in the first 30 seconds of the second call.

He summed up the reason for his call at just over a minute into the phone call "This is an easy property for us [TRG] to sell you know how come you haven't taken the five minutes to meet with us yet?". He kept trying to bully his way into meeting with the Plaintiff for the rest of the call. A complete and unedited copy of this call is at https://youtu.be/t5zeJcWRUBw.

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 4 / 10         NATHEN BARTON
                                                                4618 NW 11TH CIR
                                                                CAMAS WA 98607

### Unsolicited telephone calls #4 & #5

On February 18, 2021, Plaintiff received two more solicitation calls for "The Brokerage House" which is a *doing-business-as* for TRG, both for the purpose of pitching real estate services. The first call was placed by an automatic dialing device. Both calls came from (360) 200-5266.

The first call was received at 3:45PM and lasted 25 seconds, and Plaintiff took the following notes after the call:

> "Answered phone and heard a couple seconds of a voice and then long silence and finally call ended."

The second call was received at 2:46PM and lasted 45 seconds, and Plaintiff took the following notes after the call:

> "Answered phone and a 30ish sounding lady asked if 2209 was still for sale. Then she caught herself and said oh, I see the status has changed, did you accept an offer? I said we did, and asked who she was in case the sale did not work out. She identified herself and said she was calling from 'the brokerage house'."

In neither call did TRG did establish who was calling, and the purpose of the call in the first 30 seconds of the call.

### Commercial Telephone Solicitors

RCW 19.158.050(1) mandates that:

> "In order to maintain or defend a lawsuit or do any business in this state, a commercial telephone solicitor must be registered with the department of licensing."

Although RCW 19.158.050(3) says "The department of licensing shall issue a registration number to the commercial telephone solicitor.", in practice this Commercial Telephone Solicitor "registration number" appears as an endorsement on the business license issued by The Washington State Department of Revenue.

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 5 / 10        NATHEN BARTON
                                                               4618 NW 11TH CIR
                                                               CAMAS WA 98607

TRG does not have this endorsement on their Washington State business license, and they acted as unlicensed commercial telephone solicitors.

### TRG is Annoying the Public

It is true that the Plaintiff owned an investment property, and as this is a free country, people are free to make an offer of purchase.

Each time TRG called, Plaintiff would not have minded if was to deliver an offer to purchase. But in five calls and about 11 minutes of phone time, all they wanted to do was market their real estate agent services to him.

This was an annoying waste of time for Plaintiff and is an annoying waste of time for all similarly situated real estate owners.

Plaintiff has testified in a different Washington State Court judgement case 21C2253-1:

> In his entire 44 years of living, at the time of these telemarketing calls [selling the same house], he had sold three homes and purchased six homes.
>
> That is buying, or selling, about one house for every three years of adulthood.
>
> Plaintiff is not a real estate professional. Plaintiff does not work in real estate, and has never worked in real estate.
>
> Plaintiff does not have, nor studied for, any real estate related job, license, or vocation.

Five of Plaintiff's home purchases were driven by marriages coming (or going), Plaintiff has never advertised the phone number in question as a business telephone line, and even in a case where a phone number was advertised to the public as a business telephone line, a court declined to strip that plaintiff of TCPA protection. *Savett v. Great Am. Power, LLC*, CASE NO. 1:20 CV 42, 2020 U.S. Dist. LEXIS 130570 (N.D. Oh. July 23, 2020)

### IV.   RELIEF

#### Federal Law

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 6 / 10

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Plaintiffs phone number at issue was at all relevant times registered on the FTC *do-not-call* list more than 30 days before the alleged solicitations. Plaintiff does not have any relationship with TRG by which they could legally phone solicit Plaintiff for any reason.

Defendants violated the TCPA 47 U.S.C. 227(c)(5) by soliciting Plaintiff 4 times without his consent on his cell phone with phone number (972) XXX XXXX while he was registered on the FTC *do-not-call* list.

## Washington State Law

### RCW 19.158

On information and belief, TRG and their agents were not registered as Commercial Telephone Solicitors with the Washington State Department of Licensing when any of the solicitation calls were placed to Plaintiff, in violation of RCW 19.158.050(1).

Defendants violated Washington State RCW 19.158.150 4 times by soliciting Plaintiff on his cell phone while they were not registered on with the Washington State Department of Licensing as Commercial Telephone Solicitors, or while working on behalf of an unregistered Commercial Telephone Solicitor.

Washington State RCW 19.158.110(1) says:

> Within the first minute of the telephone call, a commercial telephone solicitor or salesperson shall:
>
> (a) Identify himself or herself, the company on whose behalf the solicitation is being made, the property, goods, or services being sold; and
>
> (b) Terminate the telephone call within ten seconds if the purchaser indicates he or she does not wish to continue the conversation.

In the first solicitation call of February 3, 2021, Plaintiff indicated he was not interested in what they had to offer if they were selling something or trying to become his real estate agent.

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 7 / 10     NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1. The TRG caller did not hang up within 10 seconds. And TRG did not identify themselves or the services being sold in the first 60 seconds of the call.

2. In the second solicitation call of February 3, 2021, TRG did not identify the services being sold in the first 60 seconds of the call.

3. In the first solicitation call of February 18, 2021, TRG did not identify themselves or the services being sold in the first 60 seconds of the call.

4. In the second solicitation call of February 18, 2021, TRG did not identify themselves or the services being sold in the first 60 seconds of the call.

## RCW 80.36.390

Washington State RCW 80.36.390(2) says

> A person making a telephone solicitation must identify him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first thirty seconds of the telephone call.

In four 4 solicitation calls the Defendants failed to identify the company behind the solicitation and the purposes of the calls with the first 30 seconds of the phone calls.

## Treble Damages

Plaintiff believes the record shows that TRG violations of the law were willful or knowing.

On information and belief, TRG just call whomever they find selling real estate *by-owner* and they clearly do not care about scrubbing their outbound telemarketing calls against the FTC *do-not-call* list. Therefore, Plaintiff asks for treble damages under TCPA 47 U.S.C. 227(c)(5), and the presumption that violations of Washington State RCW 19.158 triple damages under the Washington State Unfair Business Practices Act.

## All other Possible Damages

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 8 / 10      NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Plaintiff prays for all possible damages, in law and in equity, statutory, real, and punitive, that he might be entitled too. Such damages could be but are not limited to court costs and attorney fees.

### Injunctive Relief

TCPA 47 U.S.C. 227(c)(5)(A) allows "an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,"

Washington State RCW 80.36.390(6) says:

> A person aggrieved by repeated violations of this section may bring a civil action in superior court to enjoin future violations, to recover damages, or both.

Plaintiff is not unique – he simply had the misfortune to list a property for sale and had his contact information scraped and then telephone solicited. It is reasonable to believe that TRG has done this many times in the past and will continue harming the residents of this State in the future.

Plaintiff asks this Court to enjoin the Defendants from further violations of State and Federal telemarketing laws.

### V.   CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

1     I agree to provide the Clerk's Office with any changes to my address where case-related
2 papers may be served. I understand that my failure to keep a current address on file with the
3 Clerk's Office may result in the dismissal of my case.

4     Date of signing:     6/30/2021

5     Signature of Plaintiff    *[signature]*

6     Printed Name of Plaintiff    Nathen Barton



**USPS FIRST-CLASS PKG™**

US POSTAGE & FEES PAID
4 OZ FIRST-CLASS PARCEL RATE
ZONE 2 NO SURCHARGE
ComBasPrice

062S00125B4631
7743568
FROM 98607

stamps
endicia
06/30/2021

SHIP TO:
US DISTRICT COURT
1717 PACIFIC AVE
TACOMA WA 98402-3234

USPS TRACKING #

9400 1111 0829 6517 5264 99